REGAN, Judge.
The plaintiff, Morton B. Basil, conducting his business under the trade name of Ber-Mor Fur Company, instituted this suit against the defendants, Dr. Louis J. Gehbauer and Mrs. Sadie Tugendhaft Gehbauer, endeavoring to recover the sum of $1,020, representing the cost of a mink capelet sold and delivered to Mrs. Gehbauer on August 21, 1952.
Dr. Gehbauer answered admitting that on August 21, 1952, he was married to Mrs. Gehbauer, but denied that he approved or authorized the purchase of a mink capelet by his wife.
Mrs. Gehbauer then answered and, in substance, asserted that she and her husband were living together as man and wife when he approved and authorized the purchase of the fur which is the subject matter of this litigation.
From a judgment in favor of plaintiff and against Dr. Gehbauer in the full amount prayed for and dismissing plaintiff's suit against Mrs. Gehbauer, both plaintiff and Dr. Gehbauer have appealed.
The record reveals that on August 21, 1952, Mrs. Gehbauer, unaccompanied by her husband, visited the plaintiff’s showroom in the Roosevelt Hotel in the City of New Orleans, where she selected a mink capelet costing $1,020. Plaintiff related that Mrs. Gehbauer then requested and was granted permission to show it to her husband and thereafter she removed the coat to his office in the Pere Marquette Building; on the same day Mrs. Gehbauer telephoned him that her husband had approved the purchase thereof and she then agreed to liquidate the cost of the fur at the rate of $100 per month; shortly thereafter he met Dr. and Mrs. -Gehbauer in Baronne Street and, on this occasion, he asked the Doctor whether he liked the capelet and he responded “it is very pretty ;” the plaintiff admitted that the bill reflecting the cost of the fur was written in the name of Mrs. Gehbauer and mailed to her residence; no payments were made on account thereof from August 21, 1952 until November of 1953, when amicable demand was made, upon both defendants; when payment was not made this suit was instituted on December 15, 1953. Plaintiff likewise conceded that during the aforementioned period of time, wherein approximately fourteen months elapsed, he never made oral or written demand upon Dr. Geh-bauer for payment of his bill, although he insisted that he had endeavored unsuccessfully several times to telephone the Doctor. Plaintiff finally related that several years prior to this incident, he sold to Dr. Geh-bauer, through his local representative, Mrs. Kogos, two fur coats which the Doctor admitted he gave to his wife as presents.
Mrs. Gehbauer stated that she and the Doctor were married on May 19, 1943 and were living together on the date of the purchase of the capelet; she emphasized that Dr. Gehbauer fully approved the purchase thereof and his gross income was approximately $16,000 to $18,000 per year. She *221 then fully corroborated the plaintiff’s testimony in all of its essential aspects and asserted that while she and her husband were separated on January 4, 1953, or about four months after the purchase of the capelet, she had worn it frequently during this period in his presence. In her endeavor to verify that the Doctor had approved of the purchase, she testified that on the night of August 21, 1952, her mother and the Doctor’s father, who resided with them, were shown the fur and informed that it was a present from the Doctor. By way of lending additional emphasis to the foregoing statement she insisted that Dr. Gautier’s wife, Mrs. Alice Levet and Mrs. Muggli were cognizant of the fact that the doctor had purchased the fur as a present for her, although the record reflects that none of these people were subpoenaed by her in corroboration of her testimony.
Dr. Gehbauer conceded that on August 21, 1952, he and Mrs. Gehbauer were living together as man and wife and did not separate until December 31, 1952, but vehemently denied that he had approved the purchase of the fur; on the contrary he insisted that he had never seen it or possessed knowledge of the purchase thereof until November 3, 1953, at which time plaintiff’s attorney addressed a demand letter to both defendants at separate addresses. To impeach his wife’s testimony, who asserted that his father and Mrs. Levet were shown the capelet and informed it was a present from the Doctor, he produced both Mrs. Levet and his father.
Mrs. Levet testified that Mrs. Gehbauer showed her a mink stole and informed her that she was going to tell the doctor about it after it was paid for, however, (Mrs. Geh-bauer then wrapped it in a sheet and placed it in the closet. Dr. Gehbauer’s father denied that he had ever seen Mrs. Gehbauer wearing the fur or that she had informed him of receipt of such a gift from the doctor.
It is obvious from the foregoing factual revelation that this case posed for both the trial court and our consideration only a question of fact. In his written reasons the trial judge expressed the opinion that:
“This case is the result, unfortunately, of a broken marriage. It presents a question of veracity, first between the plaintiff and Doctor Gehbauer, and secondly between Doctor Gehbauer and his wife from whom he is separated.
“The court has carefully listened to all of the testimony, and has especially observed the demeanor of the parties, not only while on the stand giving testimony, but while they were here in open court for some two and a half hours. ■
******
“It is necessary, unfortunately, for the court in a matter of this kind to resolve the conflicts, and the court believes the testimony of Mrs. Gehbauer and of the plaintiff, and does not believe the testimony of Doctor Geh-bauer.”
He further observed that Mrs. Levet had been a friend of both parties, but “the court was not favorably impressed by her demeanor on the witness stand.”
He then concluded that Dr. Gehbauer approved and authorized the purchase of the mink capelet by his wife and is, therefore, liable for the cost thereof.
We have made a diligent and careful analysis of the record which, in our opinion, reflects that a rather close question of fact had been posed for our consideration and, by virtue thereof, we feel compelled, although somewhat reluctantly, to affirm the judgment by reiterating the formal rule of law that the trial judge, who heard the witnesses, observed their behavior and demeanor under oath, was in a more advantageous position to discern the veracity of these witnesses than we are.
We also believe that the judgment dismissing the suit as to Mrs. Gehbauer was correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.